114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey OMMEN, Plaintiff-Appellant,
v.
Scott BUNKER, Defendant,
and
Federal Express Corporation, Defendant-Appellee.
 No. 95-56792.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1997.
Decided May 20, 1997.
 
 1
 Before: BROWNING, and SCHROEDER, Circuit Judges, and RESTANI, Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court did not err in granting summary judgment for Federal Express Corporation.
 
 I.
 
 4
 Assuming Jeffrey Ommen has not waived his objections to the evidence Federal Express submitted in support of its motion for summary judgment, we hold the district court did not abuse its discretion in considering the anonymous letter and operations managers' complaints because they were not hearsay. Federal Express did not offer these out-of-court statements to prove the truth of what they asserted but rather to show Federal Express had made inquiries to verify complaints it received and all of the operations managers said they were dissatisfied with Ommen's performance. See Fed.R.Evid. 801(c); Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1456 (9th Cir.1983).
 
 II.
 
 5
 The district court did not err in holding Ommen's voluntary demotion was not a constructive discharge. Ommen alleged that his demotion was a constructive discharge because it was accompanied by reduced pay and bonuses. The California Supreme Court has not held a demotion can never be so drastic or punitive as to constitute a constructive discharge, Scott v. Pacific Gas & Elec. Co., 904 P.2d 834, 842 n. 3 (Cal.1995), but a demotion accompanied by reduced pay, without more, is neither drastic nor punitive enough to constitute such a discharge. Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 1027 (Cal.1994) (en banc).
 
 III.
 
 6
 The district court did not err in granting summary judgment on Ommen's implied contract claims.
 
 A.
 
 7
 A triable issue exists as to whether Federal Express impliedly contracted to demote Ommen only for cause. However, Ommen has not controverted Federal Express' claim that it had cause to demote him. Cause for demoting Ommen does not exist if Federal Express' reasons for demoting him were "trivial, capricious, unrelated to business needs or goals, or pretextual." See Walker v. Blue Cross of Cal., 6 Cal.Rptr.2d 184, 189 (Cal.Ct.App.1992) (quotation omitted). Federal Express stated in its Manager's Guide that "[t]he effects on morale and customer service of poor leadership are so great and of such significance to the Company that managers incapable of handling people simply cannot be retained in leadership positions." (ER Tab 9, at 42.) The Manual explained that leadership failure is "the systematic breakdown of confidence in the manager by his or her employees." (ER Tab 9, at 42.) The fact that every operations manager working under Ommen's supervision stated that he or she had lost confidence in Ommen demonstrated a systematic breakdown of confidence in him.
 
 B.
 
 8
 A triable issue exists as to whether Federal Express impliedly contracted to provide a fair and unbiased Guaranteed Fair Treatment Procedure. However, Ommen has not created a triable issue about whether Federal Express breached this alleged implied contract.
 
 
 9
 Ommen did not present more than a scintilla of evidence that the Guaranteed Fair Treatment Procedure was biased. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Michael Pigors' friendship with Scott Bunker is not evidence that Pigors unfairly decided Ommen's claim. Pigors' e-mail to Thelma Persons also fails to demonstrate bias. Pigors had evaluated Ommen's allegations for the purpose of considering Ommen's request to file an untimely claim. Ommen introduced no evidence that Pigors acted unfairly or unprofessionally in considering the request or that Pigors refused to consider new evidence when Ommen's claim came before him a second time.
 
 
 10
 Ommen has not explained how Federal Express failed to fully investigate the managers' lack of confidence in him. It is undisputed that Scott Bunker and Dan Ault interviewed the operations managers several times, gave them an anonymous survey, and asked them questions that Ommen had prepared. On each occasion, every operations manager reaffirmed that he or she had lost confidence in Ommen.
 
 IV.
 
 11
 The district court did not err in granting summary judgment on Ommen's claim for breach of the covenant of good faith and fair dealing. To defeat Federal Express' summary judgment motion, Ommen had to adduce evidence that Federal Express acted in bad faith and without probable cause when it offered him the demotion. Burton v. Security Pac. Nat'l Bank, 243 Cal.Rptr. 277, 281 (Cal.Ct.App.1988). Ommen has not contradicted Federal Express' evidence that it offered Ommen the demotion on the basis of undisputed evidence that he had lost the confidence of everyone on his managerial staff.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3